**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>VIACOM INC., successor by merger to<br>CBS CORPORATION, formerly known as<br>WESTINGHOUSE ELECTRIC CORPORATION,<br>and<br>SCHINDLER ELEVATOR CORPORATION,<br>Defendants. | CIVIL ACTION NO. 1:01-CV-123<br>(Judge Rambo)<br><br>FILED<br>HARRISBURG<br><br>FEB 2 8 2002<br><br>MARY E. D'ANDREA, CLERK<br>Per _____<br>DEPUTY CLERK |

**PLAINTIFF UNITED STATES'
MOTION TO ENTER CONSENT DECREE**

The United States of America, on behalf of the United States Environmental Protection Agency, hereby moves this Court to approve, sign and enter the proposed Consent Decree between the United States and defendants Viacom Inc. and Schindler Elevator Corporation. ("Settling Defendants"). In support of this Motion the United States says as follows:

1. The United States filed a complaint in this matter pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607(a), for reimbursement of response costs incurred by the United States in connection with the Westinghouse Elevator Superfund Site ("Site"), located in Adams County, Pennsylvania.

2. On or about November 1, 2001, the United States lodged a proposed consent decree with the Clerk of Court for the Middle District of Pennsylvania pending the publication of this matter in the Federal Register and an appropriate period for Public Comment.

1

3.  Pursuant to 28 C.F.R. § 50.7, and as provided in Section XVI of the proposed Consent Decree, the United States caused to be published a Notice of the proposed Consent Decree in the Federal Register and solicited public comments for thirty days. See 66 Fed. Reg. 66,936 (Dec. 27, 2001), and again at 67 Fed. Reg. 347 (Jan. 3, 2002). The public comment period has expired and additional time has elapsed to accommodate possible mail delays because of anthrax concerns in the Department of Justice mail rooms. No comments have been received.

4.  The Site is located about 1.5 miles north of downtown Gettysburg in Cumberland Township, Adams County, Pennsylvania, and has its southern boundary adjacent to part of the Gettysburg Battlefield National Park. Residential areas are directly adjacent to the north and east of the Plant where a number of homes lie within the boundary of the ground water contamination.

5.  In 1970 the Westinghouse Electric Corporation, now Viacom Inc., purchased the property on which the Plant is located from the Gettysburg Industrial Development Corporation. This location was then used by Westinghouse ("Viacom") for the manufacture of elevator and escalator components. Chemicals used in various aspects of the manufacturing process included solvents, paints, cutting oils, and lubricants. In 1989 a portion of the manufacturing facility was leased to Schindler Elevator Corporation for the same purpose in a 20 year lease.

6.  The decree resolves the United States' claims against the two named defendants ("settling defendants") by granting them site-wide releases from the Plaintiff for liability at the Site, subject to certain limited exceptions, and by providing them with protection from contribution actions for matters addressed in the settlement, consistent with CERCLA, Section 113(f)(2), 42 U.S.C. § 9613(f)(2). The decree also provides for the settling defendants to reimburse a combined total of $569,000 in unreimbursed response costs being sought by the United States. U.S. EPA did not seek

recovery of remedial design oversight costs in accordance with the Third Circuit's decision in United States v. Rohm and Haas Co. 2F.3d 1265 (3d Cir. 1993).

7. The United States submits that the proposed Consent Decree with settling defendants is fair, reasonable and in the public interest. See, e.g., United States v. Cannons Eng'g Corp., 899 F.2d 79, 84 (1st Cir. 1989). All three parties were represented by counsel, and the two potentially responsible parties at the Site apportioned the costs between themselves in a fair and just manner. Settling defendants have participated in extensive clean up activities at the Site and will continue to perform monitoring at the Site

8. The Consent Decree also provides that the two settling defendants will pay a total of $569,000 to the United States. Decree, Section V. In exchange for the foregoing payments, the United States extended a covenant not to sue under CERCLA Section 107(a), 42 U.S.C. § 9607(a). Decree, Section VII. This covenant not to sue is standard language widely used by EPA in consent decrees of this type, and extends to past costs liability at the Site, subject to certain reopeners consistent with the requirements of CERCLA. Entry of this Decree by the Court will resolve the pending claims between the United States and the Settling Defendants regarding the Site.

9. This Consent Decree is consistent with the objectives of CERCLA because it furthers important policy goals. First, it gives the federal government the ability to repay the Superfund so that the funds may be used to continue clean up at other sites, and it ensures that the settlers bear an appropriate amount of the costs and responsibility for the remedy at the Site, taking into account the nature of their contribution. Thus, the settlement is consistent with CERCLA's objectives. Cannons, 899 F.2d at 90-91.

10. Consistent with the terms of ¶ 30 of the Consent Decree, the defendants do not object

to entry of this motion.

WHEREFORE, for the reasons set forth the United States requests that the Court sign the proposed Consent Decree and enter it as an Order of this Court (a signature block for the Court's execution is contained on page 13 of the Decree).

                                          Respectfully submitted,

THOMAS SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

_____
MARY REED
Trial Attorney, Environmental Enforcement Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2580

MARTIN C. CARLSON
United States Attorney
Middle District of Pennsylvania

_____
ANNE FIORENZA
Assistant United States Attorney
228 Walnut Street, Suite 220
Harrisburg, Pennsylvania 17108
(717) 221-4482

Date: 3/1/02

Of Counsel:

BRUCE E. BYRD
Assistant Regional Counsel, Region 3
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>VIACOM INC., successor by merger to CBS CORPORATION, formerly known as WESTINGHOUSE ELECTRIC CORPORATION,<br>and<br>SCHINDLER ELEVATOR CORPORATION,<br><br>Defendants. | CIVIL ACTION NO. 1:01-CV-123<br><br>(Judge Sylvia Rambo) |

### CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Plaintiff United States' Motion to Enter Consent Decree to Defendants Viacom Inc. and Schindler Elevator Corporation was sent by first class mail this 1st day of March, 2002, to counsel for the defendants at the following:

Kenneth K. Kilbert, Esq.
Babst Calland Clements & Zomnir
Two Gateway Center, Eighth Floor
Pittsburgh, Pennsylvania 15222

Mitchell Burack, Esq.
Burack Environmental Law Offices
2 Bala Plaza, Suite 300
Bala Cynwyd, PA 19004

_____
**Anne Fiorenza, Assistant U.S. Attorney**